**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

LAMONT HALL,

Plaintiff,

vs.

MICHAEL ZAKEN, ET AL.

Defendants.

2:20-CV-01431-CCW

**MEMORANDUM ORDER**

This case has been referred to United States Magistrate Judge Patricia L. Dodge for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On July 6, 2021, the Magistrate Judge issued a Report, ECF No. 40, recommending that Defendants' Motion to Dismiss Plaintiff's Complaint, ECF No. 28, should be granted in part and denied in part. Service of the Report and Recommendation was made on Plaintiff, and no objections were filed.

On August 5, 2021, after a de novo review of the pleadings and documents in the case, together with the Report and Recommendation, the Court **ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint, ECF No. 28, was granted in part and denied in part as follows:

1. Count III is dismissed with prejudice because amendment would be futile.
2. All claims against Defendant Moore are dismissed with prejudice.
3. Plaintiff's claims in Count II against defendants Lewis, Durco and Lukachyk are dismissed with prejudice.
4. Plaintiff's official capacity claims against all defendants are dismissed with prejudice other than the claim for injunctive relief as it relates to Secretary Wetzel.

5. Any claims that Plaintiff may have sought to assert that are related to a false misconduct report and confiscation of property are dismissed with prejudice.
6. Plaintiff's claims in Counts I and II against Defendant Gilmore are dismissed without prejudice and with leave to amend.
7. Defendants' motion to dismiss Count I against Defendants Lewis, Durco and Lukachyk is denied.
8. Plaintiff is granted leave to amend his Complaint if he seeks to assert a First Amendment retaliation claim and/or a conspiracy claim under the Eighth Amendment with respect to Defendants Lewis, Durco and Lukachyk.

The Court further **ORDERED** on August 5, 2021 that the Magistrate Judge's Report and Recommendation, ECF No. 40, was adopted as the Opinion of the District Court.

On August 13, 2021, the Court received Plaintiff's Motion for Extension of Time to file Objections to the Magistrate Judge's July 6, 2021 Report and Recommendation, *see* ECF No. 43, on the ground that Plaintiff had been temporarily transferred from his place of incarceration, SCI Greene, to Greene County Jail, for a court proceeding in another case, and had not timely received a copy of the Report and Recommendation. The Court granted Plaintiff's request and extended the deadline for filing objections until August 30, 2021. ECF No. 44.

On August 27, 2021, Plaintiff, who has now returned to SCI Greene and is receiving mail, filed a document titled "Motion for a Stay of the Proceedings Until He is Transferred to Another State Facility When He'll be Housed in the Inmate General Population Where He'll Be Able to Locate Another Inmate To Timely File his Objections In this Matter." ECF No. 44 (received by the Court on August 31, 2021). In the body of his Motion for Stay, Plaintiff acknowledges that he is proceeding pro se in this matter, but is relying on another inmate to litigate his case. *Id*. at 1-2.

Plaintiff requests an indefinite stay of the case so that he can have additional time to file objections, on the ground that the inmate who is litigating Plaintiff's case for him is housed in a different area of the facility than Plaintiff is. Plaintiff's Motion also includes objections to the Report and Recommendation, specifically, that "Plaintiff is 'OBJECTING' As a Whole, To The Magistrate's Report & Recommendations Dismissing All His Various Claims." *Id*. at 3.

The Court has reviewed Plaintiff's Motion for Stay and finds that a stay of this case is not warranted. Generally, a court's power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co*., 299 U.S. 248, 254 (1936); *see also United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994); *In re Chickie's & Pete's Wage and Hour Litig.*, Civil Action No. 12-6820, 2013 WL 2434611, at *2 (E.D. Pa. June 5, 2013). Nevertheless, a stay is an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976); *see also*, *Breyer*, 41 F.3d at 893.

In deciding whether to grant a stay, courts in this Circuit weigh four non-exhaustive factors: (1) the length of the stay requested; (2) the hardship that the moving party would face if the stay were not granted; (3) the injury that a stay would cause to the non-movant; and (4) whether granting a stay would streamline the proceedings by simplifying issues and promoting judicial economy. *Duchene v. Westlake Servs., LLC*, Civil Action No. 2:13-cv-01577, 2015 WL 5947669, at *2 (W.D. Pa. Oct. 13, 2015) (Hornak, C.J., then-J.); *see also*, *Gennock v. Kirkland's Inc.*, Civil Action No. 17-454, 2018 WL 646141, at *2 (W.D. Pa. Jan. 31, 2018) (Mitchell, M.J.); *In re Chickie's*, 2013 WL 2434611, at *2.

With respect to the first factor, Plaintiff seeks an indefinite stay that may potentially be lengthy. Plaintiff seeks a stay "until he is transferred into the inmate general population of another state prison where he'll be able to find another inmate somewhat skilled in law to further his litigation process." ECF No. 45 at 3. While characterized as a request for a "temporary stay," Plaintiff also states that there is "no 'time-line,'" ECF No. 45 at 2, and that the Department of Corrections "knows they can 'drag-their-feet' to stall for more time," ECF No. 45 at 3. The fact that a requested stay's duration is indefinite and there is no way to accurately predict the length of such stay weighs against granting the stay. *EQT Prod. Co. v. Terra Servs., LLC*, Civil Action No. 2:14-cv-01053, 2016 WL 7232569, at *4 (W.D. Pa. Dec. 14, 2016) (Fischer, J.) (collecting cases and noting that "stays of indefinite duration are especially discouraged"). Here, the first factor weighs against granting a stay.

With respect to the second factor, while the Court acknowledges that Plaintiff has been assisted by other inmates in the preparation of his legal arguments, the lack of such assistance does not rise to the level of hardship weighing in favor of granting the "extraordinary measure" of a stay. Inmates do not have a freestanding right to receive legal assistance from other inmates; rather such right exist "only when it is a necessary means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Shaw v. Murphy*, 532 U.S. 223, 231 n.3 (2001) (internal citations omitted). Here, while Plaintiff seeks a stay until he is "able to find another inmate somewhat skilled in law to further his litigation process," ECF 45 at 3, he does not allege that his right to access the courts has been violated. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Vaughn v. Cambria County Prison*, Civil Action No. 3:16-cv-249, 2018 WL 10036121, at *3 (W.D. Pa. Jan. 31, 2018) (Pesto, M.J.); *see Mitchell v. Wydra*, 377 Fed. Appx. 143, 144-45 (3d. Cir. 2010) (noting that "[p]risoners must be afforded the

availability of either adequate law libraries or adequate assistance from persons trained in the law," but "not both of these" to exercise their right of court access) (internal citations omitted); *Brandon v. Burkhart*, Civil Action No. 1:16-cv-177, 2018 WL 4609166, at *7 (W.D. Pa. July 25, 2018) (Baxter, M.J.) (noting that an inmate has "no constitutionally protected right to share his legal materials with others"). Despite his alleged inability to share his legal documents and confer with other "somewhat skilled" inmates, Plaintiff appears to have access to his mail and case-related materials, the ability to file documents with this Court, and access to a law library. ECF No. 45 at 1-2.

With respect to the second factor, while Plaintiff alleges that "[d]efendants shall NOT be prejudiced in this matter in the event the instant court temporarily grants" the requested stay, ECF No. 45 at 4, the Court notes that the indefinite nature of this stay constitutes a prejudice. *Barnard v. Lackawanna Cnty.*, Civil Action No. 3:15-cv-2220, 2016 WL 362424, at *3 (M.D. Pa. Jan. 29, 2016) (noting that a stay request "for over half of a year" means the non-moving party "must wait in limbo").

With respect to the fourth factor, permitting such a stay would not streamline the proceedings by simplifying issues and promoting judicial economy, as it would delay implementation of the Magistrate's Report and Recommendation, which calls for a number of claims and defendants to be dismissed with prejudice from the case, and it also would delay the filing of an amended complaint with respect to Plaintiff's remaining claims. Therefore, the fourth factor weighs against granting a stay.

Accordingly, the Court finds, in its discretion, that the extraordinary measure of a stay is not warranted under the circumstances of this case.

Therefore, the Court will proceed to determine whether the Magistrate Judge's Report and Recommendation should be affirmed. In doing so, the Court has construed Plaintiff's Motion for Stay as Objections to the Magistrate Judge's Report and Recommendation. Having reviewed Plaintiff's Motion for Stay as part of its de novo review of the pleadings and documents in the case, together with the Report and Recommendation, the Court hereby reaffirms its August 5, 2021 ORDER affirming the Magistrate Judge's July 7, 2021 Report and Recommendation, ECF No. 43, and adopting it as the Opinion of the District Court.

DATED this 2nd day of September, 2021.

/s/ Christy Criswell Wiegand
Christy Criswell Wiegand
United States District Judge

Cc: LAMONT HALL
JG-3187
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

LAMONT HALL
Greene County Jail
855 Rolling Meadows Rd
Waynesburg, PA 15370